# Exhibit "A"

Plaintiff's Complaint

Electronically Filed
5/19/2020 10:37 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
VICTORIA R. ALLEN, ESQ.
Nevada Bar No. 15005
NETTLES | MORRIS
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
Telephone: (702) 434-8282
Facsimile: (702) 434-1488
brian@nettlesmorris.com
christian@nettlesmorris.com
victoria@nettlesmorris.com
*Attorneys for Plaintiff*

CASE NO: A-20-815189-C
Department 4

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| REBECCA LOPEZ, an individual<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., a foreign corporation d/b/a WALMART #4356; DOES 1 through 10, inclusive; ROE CORPORATIONS 11 through 20, inclusive; and ABC LIMITED LIABILITY COMPANIES 21 through 30, inclusive,<br><br>Defendants. | CASE NO:<br>DEPT NO:<br><br>**COMPLAINT** |

COMES NOW, Plaintiff, REBECCA LOPEZ, individually, by and through her counsel, Brian D. Nettles, Esq., Christian M. Morris, Esq., and Victoria R. Allen, Esq., of Nettles| Morris, and for her causes of action against Defendant above captioned, complains and alleges as follows:

///

///

-1-

## GENERAL ALLEGATIONS

1. The Eighth Judicial District Court has jurisdiction over this civil tort action pursuant to NRCP 8(a)(4), NRS 13.040, and NRS 41.130 as the occurrence giving rise to this case took place in Clark County, Nevada and the amount in controversy exceeds $15,000.00.

## GENERAL ALLEGATIONS

2. Plaintiff REBECCA LOPEZ ("Plaintiff") is, and at all relevant times was, an individual residing in Clark County, Nevada.

3. On information and belief, Defendant WALMART, INC d/b/a WALMART #4356 (hereinafter "Defendant") is, and at all relevant times was, a foreign corporation licensed and doing business in Clark County, Nevada.

4. On information and belief, the true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants Does 1 through 10, Roe Corporations 11 through 20, and ABC Limited Liability Companies 21 through 30 ("Does/Roe/ABC Defendants"), inclusive, are unknown to Plaintiff at this time, whom therefore sues said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, Plaintiff will amend this Complaint accordingly.

5. On information and belief, Doe/Roes/ABC Defendants participated in the design, construction, maintenance, ownership, management, control, operation, care, and/or upkeep of the Premises; Doe/Roes/ABC Defendants include, but are not limited to, owners, operators, occupiers, lessees, managers, manufacturers, developers, producers, general contractors, subcontractors, security companies, maintenance companies, material providers, equipment providers, architects, designers, engineers, governmental authorities, insurers, lenders, investors, and their agents, servants, representatives, employees, partners, joint venturers, related companies, subsidiaries, parents, affiliates, predecessors, partners and/or successors in interest.

6. On information and belief, Does/Roe/ABC Defendants are responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiff as hereinafter alleged.

7. On information and belief, Doe/Roes/ABC Defendants were involved in the initiation, approval, support, or execution of the wrongful actus upon which this litigation is premised, or of similar actions against Plaintiff of which Plaintiff is presently unaware.

8. On information and belief, Defendant owned, operated, controlled, maintained, and/or serviced without limitation, and/or assumed liability of a certain retail business located at 7200 Arroyo Crossing Pkwy, Las Vegas, Nevada, 89113, commonly known as Walmart #4356 (hereinafter "the Premises"), for the purpose of carrying on a business for profit.

9. On or about May 26, 2018, Plaintiff was a patron lawfully present at the Premises.

10. On that date, a substance, believed to be a smashed banana (hereinafter, "Condition"), was allowed to remain on the floor in an area of the Premises open to the public.

11. At the time, the Condition was a dangerous condition that was unattended, without warning, and had not been remedied.

12. As Plaintiff was walking through the Premises and exercising reasonable care for her own well-being, she unexpectedly slipped on the Condition, causing her to fall to the floor (hereinafter the "Incident").

13. On information and belief, Defendant owned, maintained, managed, operated, inspected, controlled, installed, constructed and/or was otherwise responsible for the Premises and/or the area where the Condition was located, and/or for the Condition.

14. On information and belief, Defendant had actual knowledge of the Condition by virtue of creating it or having actual knowledge of its existence prior to the Incident, and/or Defendant had constructive notice of the Condition by failing to maintain, inspect, remedy, clean, etc. the Premises in a reasonable manner prior to the Incident to prevent similar incidents from occurring.

15. On information and belief, these negligent acts were committed by Defendant's employees and/or agents acting in the course and scope of their employment for Defendant under its direction and control, and thus Defendant is vicariously liable for these acts pursuant to the doctrine of *respondeat superior*.

Case 2:20-cv-01228-GMN-VCF   Document 1-2   Filed 06/30/20   Page 5 of 8

16. As a result of the Incident, Plaintiff sustained injuries to her body as well as pain and suffering.

17. As a direct and proximate result of the negligence of the Defendant, Plaintiff was required to obtain medical services and treatment and may, in the future, be required to obtain additional medical services and treatment.

18. As a direct and proximate result of the negligence of the Defendant, Plaintiff has been damaged in an amount in excess of $15,000.00.

19. As a direct and proximate result of the negligence of the Defendant, Plaintiff has had to retain the services of Nettles Morris to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred therein.

## FIRST CAUSE OF ACTION

### (Negligence/Premises Liability)

20. Plaintiff repeats and re-alleges paragraphs 1 through 19 as though fully set forth herein.

21. At all times relevant hereto, Defendant was in control of the Premises and had a non-delegable duty to maintain and inspect the Premises for the care, safety, and protection of those persons present on said Premises, including Plaintiff.

22. At all times relevant hereto, Defendant had a non-delegable duty to remedy known dangerous conditions and/or warn patrons, like Plaintiff, of the existence of known dangerous conditions.

23. Defendant breached its duty to Plaintiff by creating and/or knowingly and/or negligently allowing the Condition to exist and persist prior to the Incident, and by consciously, intentionally, willfully, deliberately, wantonly, and/or negligently failing to take any measure to prevent, remedy, or warn of the Condition's existence.

24. These negligent acts were committed by Defendant's employees and/or agents acting in the course and scope of their employment for Defendant under their direction and control, and thus Defendant is vicariously liable for these acts pursuant to the doctrine of *respondeat superior*.

25. As a direct and proximate result of the negligence of the Defendant, Plaintiff suffered physical injury and pain and suffering.

26. As a direct and proximate result of the negligence of the Defendant, Plaintiff was required to obtain medical services and treatment and may, in the future, be required to obtain additional medical services and treatment.

27. As a direct and proximate result of Defendant's negligence, Plaintiff has been damaged in an amount in excess of $15,000.00, including, but not limited to, bodily injury, and severe pain and suffering.

28. As a direct and proximate result of the negligence of the Defendant, Plaintiff has had to retain the services of Nettles Morris to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred therein.

## SECOND CAUSE OF ACTION

### (Negligent Hiring, Training, Retention, and Supervision)

29. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 28 as though fully set forth herein.

30. Defendant owed Plaintiff a non-delegable duty to exercise due care in the selection, training, oversight, direction, and control of its employees/agents/contractors, including those responsible for monitoring, cleaning, inspecting, and otherwise maintaining the safety of the Premises.

31. Defendant breached its non-delegable duties owed to Plaintiff by failing to hire, retain, train, staff, and supervise the employees/agents/contractors responsible for performing the aforementioned duties.

32. Defendant's failure to properly hire, train, supervise, and retain such person(s) constituted reckless disregard for the safety of Plaintiff and others on the Premises.

33. Defendant knew or should have known that the failure to properly hire, retain, train, staff, and supervise its employees demonstrated disregard for Plaintiff's rights, yet disregarded this knowledge. On information and belief, such acts or omissions were directed, approved, and/or ratified by an authorized officer, director, and/or managing agent of Defendant

34. These negligent acts were committed by Defendant's employees and/or agents acting in the course and scope of their employment for Defendant under its direction and control, and thus the Defendant is vicariously liable for these acts pursuant to the doctrine of *respondeat superior*.

35. As a direct and proximate result of the negligence of the Defendant, Plaintiff suffered physical injury and pain and suffering.

36. As a direct and proximate result of the acts or omissions of the Defendant, Plaintiff was required to obtain medical services and treatment and may, in the future, be required to obtain additional medical services and treatment.

37. Plaintiff has been damaged by the negligence of the Defendant in an amount in excess of $15,000.00, including, but not limited to, serious bodily injury, and severe pain and suffering.

38. As a direct and proximate result of the actions or omissions of the Defendant, Plaintiff has had to retain the services of Nettles Morris to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

///

///

///

**WHEREFORE**, Plaintiff prays for judgment against Defendant(s), as follows:

1. For damages in excess of $15,000.00 for medical expenses and pain and suffering;
2. For punitive damages;
3. For interest as permitted by law;
4. For reasonable attorney's fees and costs of suit; and
5. For such other and further relief as the court deems just and proper.

Dated this 19th day of May 2020.

NETTLES | MORRIS

/s/ *Victoria R. Allen*
BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
VICTORIA R. ALLEN, ESQ.
Nevada Bar No. 15005
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
*Attorneys for Plaintiff*

-7-